# AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT

1.      Your affiant, Special Agent Matt Bassett, is a criminal investigator with the United States Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), and a "federal law enforcement officer" within the meaning of Federal Rule of Criminal Procedure 41(a)(2)(C), that is, a government agent engaged in enforcing federal criminal laws and duly authorized by the Attorney General to request an arrest warrant. My duties include the enforcement of the federal firearms and narcotics laws. In the course of these duties, I have come to investigate Raymond E. BOWERS III, and have learned the following facts.

2.      On October 13, 2025, a former domestic partner of Raymond BOWERS III (identified for the purposes of this affidavit as Protected Individual-1, or PI-1) approached West Virginia University Police Department Sgt. C. Smith in Morgantown, WV, to advise the officer that BOWERS, a convicted felon with additional convictions for domestic violence, was in possession of firearms and ammunition. Later on October 13, 2025, PI-1 went to the Monongalia County Sheriff's Department to obtain a protective order against BOWERS, and also to provide more detailed information about his possession of firearms.

3.      PI-1 advised that they had lived with BOWERS until the recent breakup. PI-1 stated that they had helped BOWERS move firearms and ammunition between BOWERS' residence at 2 Twin Pines Village, to BOWERS' mother's house, so that authorities would not discover them during a CPS investigation. PI-1 described two AR-style rifles, a .45 caliber handgun, a black pump-action shotgun, a 9x19mm caliber Glock pistol, and a green camouflage bolt-action rifle. PI-1 described the specific locations where they were stored, and added that some of the firearms were kept in a white work van that was usually parked out front of BOWERS' residence.

4.      PI-1 filed for a protective order and deputies took measures to corroborate the above statement, including confirming BOWERS' criminal history and conducting surveillance on his residence. Later on October 13, 2025, Sgt. L. Thompson from MCSD observed the white work van in the driveway at 2 Twin Pines Village. A Monongalia County magistrate granted a search warrant for the residence, including the work van; the protective order also required BOWERS to surrender any firearms or ammunition in his possession.

5.      At approximately 6:30pm on October 13, 2025, deputies arrived at 2 Twin Pines Village to serve the warrant and the protective order. Deputies detained BOWERS, advised him of the search warrant, and explained the protective order. In the rear of the white work van, deputies recovered:

    a. A Savage rifle, model Axis, .308 Winchester caliber, serial number P462113;
    b. A Maverick shotgun, model 88, 12-gauge, serial number MV0697930;
    c. A Springfield rifle, model Saint, 5.56x45mm caliber, serial number ST488285, and

    d.  A Springfield Armory rifle, model Saint, 5.56x45mm caliber, serial number ST343067.

6.    Also inside the van, deputies found a tan backpack, containing the following two firearms:

    a.  A Glock pistol, model 21, .45 ACP caliber, serial number AGUW454;
    b.  A Ruger pistol, model P89, 9x19mm caliber, serial number 315-06661.

7.    All of the above-mentioned firearms were recovered either loaded, stored with loaded magazines, or both. During their search of the residence itself, deputies also found a Glock pistol, model 17, 9x19mm caliber, serial number BWXN358, concealed within a floor vent in the master bedroom. Sgt. L. Thompson also located a loose drywall panel inside the guest room closet. Behind the panel, Sgt. Thompson found a large quantity of ammunition, including 12-gauge shotgun ammunition, .308 Winchester, .45 ACP, 5.56x45mm, and 9x19mm caliber.

8.    Deputies placed BOWERS under arrest for state charges of being a felon in possession of a firearm. Your affiant, SA Bassett, accompanied by ATF SA Edward Olesh, responded to the Monongalia County Sheriff's Department later in the evening of October 13, 2025. Your affiant advised BOWERS of his Miranda rights. BOWERS agreed to speak with SAs.

9.    In this post-Miranda interview, BOWERS described all the ammunition he kept in the house as "target practice stuff" and claimed it was "really old." BOWERS said he wanted to be cooperative, which was why he had told deputies "where the one was, in the vent." BOWERS told agents he was a felon but not a "monster," as he thought his criminal history might make him out to be. When SA Olesh asked BOWERS how he obtained the firearms, BOWERS invoked his right to counsel, saying, "I just don't want to cause any issues for anybody else."

10.    Your affiant, SA Bassett, subsequently reviewed certified copies of court records from BOWERS' convictions. These records showed that in 2010, West Virginia State Police arrested BOWERS for domestic assault against his live-in girlfriend, with whom court papers show he shared a child. BOWERS pleaded no contest to domestic assault in Monongalia County magistrate court on July 8, 2011. BOWERS' misdemeanor domestic violence offense prohibits him from possessing firearms or ammunition under 18 U.S.C. 922(g)(9).

11.    Your affiant then reviewed certified copies of Monongalia County, WV Circuit Court records. These showed that on July 20, 2009, BOWERS was convicted of misdemeanor larceny, as well as second-offense misdemeanor domestic violence.

12.    Your affiant also reviewed certified copies of court records from Lewis County, West Virginia, which showed that on June 21, 2019, BOWERS was sentenced after being convicted of Domestic Battery (3rd Offense), a felony, as well as felony cultivation of

marijuana and a misdemeanor charge of prohibited person in possession of a firearm. was convicted in Pennsylvania of misdemeanor simple assault against his wife at the time.

13. BOWERS' felony convictions also prohibit him from possessing firearms or ammunition under 18 U.S.C. 922(g)(1).

14. Your affiant obtained a letter dated October 20, 2025 from the West Virginia Secretary of State, attesting that their office could find "no record of a pardon or commuted sentence for Raymond Earl Bowers III."

15. Your affiant, assisted by Monongalia County Sheriff's Department Sgt. T. Hunn, has test-fired each of the seven firearms described above, and found each one to be functional.

16. On October 21, 2025, the West Virginia State Police Forensic Laboratory, Latent Print Section, conducted a fingerprint comparison and analysis between BOWERS' fingerprint card from his October 13, 2025 arrest, and the fingerprint cards from his February 4, 2009 arrest for a misdemeanor crime of domestic violence. They compared BOWERS' October 13, 2025 arrest to his December 2, 2010 arrest for domestic battery. They also compared those fingerprints to his March 8, 2019 arrest for third-offense domestic battery and prohibited person in possession of a firearm, and to his October 30, 2018 arrest for cultivation of marijuana. The State Police laboratory concluded that all of the above-described fingerprints were made by the same person, namely, Raymond BOWERS III.

17. On October 22, 2025, your affiant conducted an examination and classification of the Springfield Armory rifle, model Saint, 5.56x45mm caliber, serial number ST343067, described above. I noted that it was recovered with a shoulder stock attached, as well as a tan rifle sling. The firearm met the definition of a rifle, namely, "a weapon designed or redesigned, made or remade, and intended to be fired from the shoulder," as noted in 18 U.S.C. § 921(a)(7) and 27 Code of Federal Regulations § 478.11.

18. Your affiant took measurements of the Springfield Armory rifle with the serial number ST343067, finding its barrel to be approximately 8.75 inches and its overall length to be approximately 22.5 inches. As a rifle with an overall length of less than 26 inches, and/or a barrel length of less than 16 inches, under the National Firearms Act (NFA), the firearm is a short-barreled rifle, and required to be registered in the National Firearms Registration and Transfer Record.

19. Also on October 22, 2025, your affiant requested and received a query of the National Firearms Registration and Transfer Record (NFRTR) from ATF's National Firearms Act (NFA) Branch. Specifically, I inquired whether the Springfield Armory rifle was properly registered to any person, as well as whether Raymond BOWERS III had any firearms registered to him in the NFRTR. The NFA Branch advised that no firearm matching the Springfield Armory short-barreled rifle was registered in the

NFRTR, and also, that there were no firearms registered to Raymond BOWERS III.

20. On October 23, 2025, your affiant- a firearms interstate nexus expert- examined and conducted research on the two Glock pistols, the Ruger pistol, the Savage Axis rifle, the Maverick shotgun, and both Springfield Armory Saint rifles. Your affiant concludes that each of the seven firearms were manufactured outside the State of West Virginia and constitute firearms as defined in Title 18, United States Code, Chapter 44, Section 921(a)(3).

21. Under 18 U.S.C. Section 922(g)(1), it is a violation of federal law for a convicted felon to possess a firearm. Under 18 U.S.C. Section 922(g)(9), it is a violation of federal law for a person convicted of a misdemeanor crime of domestic violence to possess a firearm. And under 26 U.S.C. Section 5861(d), it is a violation of federal law for a person to possess a firearm, subject to the requirements of the National Firearms Act, which is not registered to that person in the National Firearms Registration & Transfer Record.

## OATH

The information in this affidavit is true to the best of my knowledge and belief.

Respectfully submitted,

_____
Matthew Bassett
ATF Special Agent


Subscribed and sworn to before me on _____Oct. 28_____, 2025.

_____
MICHAEL JOHN ALOI
UNITED STATES MAGISTRATE JUDGE